Opinion of the Court, by
Ch. J. Boyle.
THIS was an action of assumpsit. Four counts are laid in the declaration. The first and second allege a promise to pay ten dollars and—lbs. of tobacco, in consideration of the plaintiff’s delivering to the defendant his obligation to — Gillespie for $110. The third alleges a promise and undertaking that the tobacco was good and sound, when in fact it was not so; and the fourth was for money laid out and expended. There was a general demurrer to the declaration, and the court being of opinion that the declaration was insufficient, the plaintiff obtained leave to amend, and the defendant, having withdrawn his demurrer, pleaded the general issue; but when the cause was afterwards called, the defendant, discovering that the declaration had not been amended, moved the court to reinstate his demurrer, or permit him to file another; but the court overruled his motion. The cause was then tried on the general issue; and after the plaintiff had gone through his evidence, the defendant moved the court to instruct the jury to as in case a nonsuit, which motion was also overruled by the court; to both of which opinions of the court the defendant filed exceptions, *228 and on a verdict and judgment having been rendered against him, he has appealed to this court.

A declaration for an "undertaking that the tobacco was good and sound," is not supported by a representation, made about the time of entering into the contract, that the tobacco was of a good quality; for there is a difference between a mere representation as to quality, & a promise or undertaking.

There is no question but that the court below erred in the first instance, in sustaining the demurrer to the declaration; for the law is well settled, that if there be a demurrer to the whole declaration, which contains several counts, any one of which is good, the demurrer cannot be sustained; and in this case, the last count is, without doubt, a good one. Without examining, therefore the sufficiency or insufficiency of the other counts, we can have no hesitation in saying that the demurrer ought not to have been sustained. It results, as a necessary consequence, that the court below could not have erred in refusing to reinstate the demurrer, or to permit another demurrer to be filed.
With respect to the motion for instructions as in case of a nonsuit, we are of opinion it ought to have been sustained. There is no colour for a pretence that the evidence supported the fourth count; and the third count is, we apprehend, equally unsupported. The evidence shows, indeed, that the defendant represented the tobacco, which was the subject of the contest, to be of good quality; but there is an essential distinction between a mere representation that a thing is of a particular quality, and a promise or undertaking that it is so. See Bacon vs. Brown, spring term 1813, and the authorities there cited.
With respect to the first and second counts, it may be remarked, that the consideration as proved, is materially variant from that as laid in these counts. Two witnesses only, depose as to the consideration; one of whom swears that a horse was given as part of the consideration, and the other states that a note or bond given by the defendant to Ellison was the consideration, instead of a note or bond given by him to Gillespie, as alleged in these counts.
The judgment must be reversed with costs, and the cause remanded for new proceedings.